UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORI CRIMALDI, | CASE NO. 5:15-cv-2257 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER OF REMAND |
| PITT OHIO EXPRESS, LLC, et al., | |
| DEFENDANTS. | |

Before the Court is plaintiff's motion to remand. (Doc. No. 9 ["Mot."].) Defendants oppose the motion. (Doc. No. 12 ["Opp'n"].) For the reasons that follow, plaintiff's motion is granted, and this case is remanded to the Summit County Court of Common Pleas.

## I. BACKGROUND

According to the complaint filed in state court, plaintiff Lori Crimaldi ("plaintiff" or "Crimaldi") was injured when a tractor-trailer operated by defendant Raymond Kendall ("Kendall") collided with her vehicle. (Doc. No. 1-2 (State Court Complaint ["Compl."]) ¶¶ 10-11, 14.) The truck Kendall was driving was owned or leased by defendant Pitt Ohio Express, LLC ("Pitt Ohio Express"). (*Id.* ¶ 13.) Plaintiff alleges that, "[a]s a direct and proximate result of the collision, Plaintiff's vehicle was damaged and Plaintiff suffered a closed-head injury resulting in a concussion as well as other injuries affecting other parts of her body which required hospital and medical care and treatment for her injuries and will continue to do so for an indefinite future because she has sustained a permanent injury and a loss of enjoyment of life." (*Id.* ¶ 15.)

On October 7, 2015, plaintiff brought suit against defendants in the Summit County Court of Common Pleas. (*Id*.) She raised three state law claims in her complaint: (1) negligence against Kendall, (2) respondeat superior/vicarious liability against the corporate defendants, and (3) negligent hiring and/or training against the corporate defendants. (*Id*.) With respect to each claim, plaintiff sought "judgment in an amount in excess of $25,000, plus attorney's fees, interest, costs of this action, and whatever other relief" the Court "may deem just, equitable, and proper[.]" (*Id*. at 15.[1])

On November 2, 2015, defendants removed the action to federal court. (Doc. No. 1 (Notice of Removal).) In support of their representation that the amount in controversy exceeds the federal jurisdictional threshold, defendants represented:

> In her Complaint, Plaintiff alleges that Defendants caused Plaintiff "permanent injury and a loss of enjoyment of life." Complaint at ¶ 15. Plaintiff's Complaint further alleges that Defendants caused her to require medical treatment; sustain pain and discomfort, mental anguish, and emotional distress; incur medical and hospital expenses; and incur lost wages and lost earning capacity, among other alleged damages. See Complaint at ¶ 21 and its subparts.
>
> If all of Defendants' defenses fail and if Plaintiff proves all of her damages, the damages could exceed $75,000, exclusive of interest and costs. Therefore, the amount in controversy in the state court action, exclusive of interest and costs, exceeds $75,000.

(*Id*. ¶¶ 18-19.)

Prior to the Court's scheduled Case Management Conference ("CMC"), plaintiff filed the present motion to remand, representing that "the amount in controversy has not yet been defined." (Mot. at 94.) While she conceded that she was seeking more than $25,000 in damages,

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

she underscored the fact that "[a]n amount exceeding $25,000 does not necessarily exceed $75,000." (*Id*. at 96.) The Court discussed with counsel the pending motion, at the CMC, and indicated that it would be issuing a ruling in due course. (Dec. 7, 2015 Minutes.)

## II. STANDARD OF REVIEW

A defendant may remove any civil case filed in state court to federal court if the cause could have been brought originally in federal court. *See generally,* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citation omitted). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted). A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal jurisdiction in this case is based on diversity of citizenship. In order to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332, not only must the citizenship of the parties be diverse, the amount in controversy, exclusive of interest and costs, must exceed $75,000. Where, as here, a plaintiff does not plead a specific amount in controversy, the removing party has the burden of showing, through a preponderance of the evidence, that the plaintiff's claims, at the time of removal, satisfy the jurisdictional amount. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Id*. (quoting *Gafford v. Gen.*

3

*Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

Instead, the Sixth Circuit has defined this burden as proving that "it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirements." *Rogers*, 230 F.3d at 871 (citation omitted). To carry this burden, the defendant must come forward with "competent proof" of the necessary jurisdictional facts. *Gafford*, 997 F.2d at 160 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936) (quotation marks omitted). Thus, if defendants do not produce evidence showing that it is more likely than not that the plaintiff's claims exceed $75,000, the case must be remanded to state court. *See id*. at 158-60.

### III. DISCUSSION

Plaintiff insists that defendants cannot establish the requisite jurisdictional amount by a preponderance of the evidence because they have expressly denied during discovery that plaintiff's injuries will result in damages that exceed $75,000. (Mot. at 96, citing Doc. No. 9-1 (Defendant Pitt Express's Responses to Plaintiff's First Set of Requests for Admission) at 98.) When asked for an admission that plaintiff's "claims have a value greater than $75,000," defendant Pitt Express responded by stating:

> Defendant cannot truthfully admit or deny this Request because the value of Plaintiff Lori Crimaldi's claims is unknown. Discovery is ongoing as to the claims and Plaintiff has not yet submitted proof of damages. After reasonable inquiry, the information known by Defendant or readily obtainable is insufficient to enable Defendant to admit or deny this Request. Therefore, this Request is deemed to be denied.

(*Id*.) Defendant Pitt Express argues that this representation "cannot be deemed to be a straight denial; instead it insists that the value of Plaintiff's claim will be revealed during the course of discovery." (Opp'n at 106.)

4

While the Court agrees that this discovery response cannot be treated as an admission that the jurisdictional amount cannot be satisfied, the fact that the parties are nearing the end of the discovery period and Pitt Ohio Express has not indicated that it has updated its response is at least some evidence that discovery has not uncovered evidence supporting the jurisdictional amount. Specifically, the docket reflects that plaintiff has now served on defendants her responses to defendants' Second Request for the Production of Documents. (*See* Doc. No. 14 (Notice of Service)). It stands to reason that if the produced documents, such as plaintiff's medical records, had supported jurisdiction, defendants would have highlighted them in opposing remand, either in their original brief or in a supplemental filing. S*ee, e.g.*, *McKinney v. ICG, LLC*, Civil Nos. 13-12-ART, 13-13-ART, 2013 WL 1898632, at *4 (E.D. Ky. May 7, 2013) (fact that defendant did not include details from medical records uncovered during discovery supported the "likely inference . . . that the defendants did not include details from the records because they reveal that the plaintiffs suffered minor injuries and incurred modest costs.")

Rather, defendants rely almost exclusively on the language of the complaint to oppose plaintiff's motion. They highlight the following allegations: (1) that defendants have caused plaintiff "permanent injury and a loss of enjoyment of life" (Compl. ¶ 15); (2) that plaintiff's injuries have required and will continue to require medical treatment (*id.* ¶ 21); (3) that she has suffered and will continue to suffer pain and discomfort, mental anguish, and emotional distress (*id.*); and (4) that plaintiff has incurred medical and hospital expenses, "lost wages, lost earning potential, and loss of future earning capacity[.]" (*id.*)

"In some cases 'a fair reading' of the complaint can establish the amount in

5

controversy—even when that complaint seeks unspecified damages." *McKinney*, 2013 WL 1898632, at *4 (quoting *Hayes*, 266 F.3d at 573). To satisfactorily establish the jurisdictional amount, however, the language must contain "'clear allegations . . . that the case involved a sum well in excess of the $75,000 minimum.'" *Holt v. HMS Host USA*, No. 3:09-cv-344, 2009 WL 1794748, at *2 (M.D. Tenn. June 18, 2009) (quoting *Hayes*, 266 F.3d at 573) (citation omitted). "[W]here a complaint provides no basis to ascertain the nature or extent of the plaintiff's damages, the allegations are not sufficiently clear." *McKinney*, 2013 WL 1898632, at *4 (citing *Hayes*, 266 F.3d at 573) (quotation marks and citation omitted).

A "fair reading" of the complaint does not support a finding that it is more likely than not that plaintiff's damages exceed the threshold jurisdictional amount. The complaint allegations speak of plaintiff's injuries and expenses in only the most general of terms, leaving the Court to speculate as to their nature and extent. Importantly, defendants cite no factual language that would begin to assist the Court in calculating the wages plaintiff actually lost or the extent to which her earning potential has been impaired. Likewise, there are no facts that even begin to shed light on the kind of medical and hospital services plaintiff received, or the type of medical care she is likely to require in the future. Finally, while plaintiff has averred that she has sustained a "closed-head injury resulting in a concussion[,]" defendants fail to point to anything in the pleading or elsewhere in the record that would permit the Court to discern the severity of that injury. Given the ambiguity of the complaint language, defendants cannot exclusively rely on it to satisfy their burden to demonstrate jurisdiction. *See, e.g., Shannon v. PNC Bank, N.A.*, Civil Action No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *2 (W.D. Ky. June 2, 2015) (motion to remand granted where defendant "provided no evidence to establish estimated

6

monetary values for those categories of damages, such as proof of medical expenses incurred, wage level prior to the alleged injuries, or a demand letter"); *McKinney*, 2013 WL 1898632, at *4 (ordering remand where the "complaints provide no insight into the two key variables to assess the value of [plaintiffs'] clams: the nature of the plaintiffs' injuries and their respective earning powers").

Defendants also note that they may make comparisons to "analogous cases where similar damages have been claimed" to support their decision to remove this case. (Opp'n at 107.) Yet, the cases upon which they rely are easily distinguishable and only serve to bring the deficiencies of plaintiff's complaint into sharper relief. For example, in *Miltner v. Wright Med. Grp., Inc.*, Civil Action No. 11-CV-11353, 2011 WL 4360024 (E.D. Mich. Sept. 19, 2011), the court relied on the fact that the complaint provided specific details regarding the nature and extent of plaintiff's injuries—such as the fact that plaintiff "underwent revision surgery on his hip, a painful and complicated procedure"—and that—"toxic metals were discovered in his system, and that he suffered extreme pain, necessitating hospitalization"—to support a finding that plaintiff's damages would more likely than not exceed $75,000. *Id*. at *3 (court also noted that the complaint alleged that plaintiff sustained "severe lytic lesions" in the area around his femur resulting in a "premature loosening around his proximal femur") (quotation marks omitted). In *T & W Forge, Inc. v. V & L Tool, Inc.*, No. 05-CV-1637, 2005 WL 2739321, at *4 (N.D. Ohio Oct. 24, 2005), which defendants characterize as a "similar case," the court relied on allegations of fraud and conversion as providing possible bases for the recovery of punitive damages to support

7

jurisdiction.[2] Of course, plaintiff has not sought punitive damages, and the Court fails to see a basis for such an award in the existing complaint allegations.

Nor can defendants rely on the fact that plaintiff refused to stipulate that she would be willing to cap her damages at $75,000. In their opposition brief, defendants argue alternatively that "[i]n lieu of arguing the present Motion to Remand, Defendants are willing to stipulate with Plaintiff that her damages, if liability is established, are less than $75,000." (Opp'n at 110.) Plaintiff did not file a reply brief or, in any written notice to the Court, indicate that she was willing to join in such a stipulation. "[W]hen a stipulation 'provide[s] for the *first time* the upper limit on the damage amount claimed by the plaintiff,' which does not 'modify the amount in controversy' or 'change . . . [the] information upon which [the defendant] relied in removing [the] action,' courts within this circuit routinely hold that remand is required." *Chouinard v. Aaron's Inc.*, No. 5:12CV1998, 2012 WL 3732867, at *2 (N.D. Ohio Aug. 28, 2012) (citing, among authority, *Captain v. Wal-Mart Stores East, Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, at *2 (S.D. Ohio Oct. 7, 2010) (internal case citations omitted) (emphasis in original). Nonetheless, courts within this circuit also agree that a failure to stipulate to damages below the

---

[2] Indeed, the Court can find nothing "similar" about this prior case. In *T & W Forge*, the plaintiff brought suit alleging that the defendant had breach a contract by refusing "to pay plaintiff for specialty parts manufactured by plaintiff and delivered to defendant." *Id*. at *1. Applying a "1.3-to-1" ratio to the known compensatory damages, the court found that the amount of possible punitive damages "will push the total amount in controversy above the jurisdictional threshold." *Id*. at *4.

jurisdictional amount cannot support a removal on the basis of diversity. *Warren v. Mac's Convenience Stores, LLC*, No. 3:11-CV-00572-TBR, 2012 WL 5077669, at *3 (W.D. Ky. Oct. 18, 2012) (collecting cases, including *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009)).

### IV. CONCLUSION

Based upon the foregoing discussion, the Court finds that defendants have failed to meet their burden of establishing by a preponderance of the evidence that plaintiff's claims satisfy the jurisdictional amount for diversity jurisdiction. Should state court discovery establish the amount in controversy at an amount that could support federal diversity jurisdiction, defendants would be free to seek timely removal a second time. *See* 28 U.S.C. § 1446(c)(3)(A); *see also Minix v. Kawasaki Motors Corp. U.S.A.*, Civil Action No. 09-90-ART, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009) ("It is well established that if a case is remanded to state court for lack of subject matter jurisdiction, it can be removed a second time if new developments—such as discovery responses—reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied.") For now, the Court is compelled to remand the matter to state court. Accordingly, plaintiff's motion to remand (Doc. No. 9) is granted, and this matter is remanded to the Summit County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: May 5, 2016

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**